## Turner's Estate.

*Practice, O. C. — National banks acting as sureties and fiduciaries — Approval under Rule 21 refused.*

National banks which, under the amendment to the Federal Reserve Act of Sept. 26, 1918 (Barnes's Federal Code Supplement, 1921, page 395), have been granted a special permit to act as sureties, trustees, executors, administrators or guardians, will not be approved by the Orphans' Court under Rule 21, as amended Jan. 12, 1921, because of the conflict between the Federal Act and the laws of this Commonwealth.

National Bank of Germantown, 30 Dist. R. 603, followed.

Exceptions to adjudication. O. C. Phila. Co., April T., 1922, No. 219.

Testatrix bequeathed her residuary estate to her husband and such children as should be living at the time of her death, share and share alike. She left two children surviving her at the time of her death, and no issue, of any deceased child. The Rittenhouse Trust Company of Philadelphia was appointed guardian of these children by decree of the Orphans' Court of Sept. 16, 1921. It appeared, however, from the petition for distribution that on March 16, 1922, the Rittenhouse Trust Company had been converted into a national bank, taking the name of the Rittenhouse National Bank of Philadelphia, and that on April 18, 1922, this bank was merged with the Corn Exchange National Bank, taking the name of the "Corn Exchange National Bank."

The auditing judge, Henderson, J., since it did not appear that the Corn Exchange National Bank had been approved by the Orphans' Court for appointment as a fiduciary, made the awards of the minors' interests to that company as guardian, subject to its approval by the court, and directed that, in the event of its failing to obtain approval, the awards should be payable to the succeeding guardian when duly appointed and qualified.

Subsequently the Corn Exchange National Bank presented a petition to the Orphans' Court for approval under Rule 21, relating to trust and surety companies, which was dismissed by that court. A petition was then presented to the auditing judge, praying for payment to said Corn Exchange National Bank as guardian of the awards made by the adjudication to the aforesaid minors, which petition the auditing judge dismissed, and directed that the awards should be paid to its succeeding guardian when duly appointed and qualified. To this order exceptions were filed.

*Owen J. Roberts* and *C. Alison Scully,* for exceptions.

*Philippus Miller* and *Bevan A. Pennypacker,* contra.

PER CURIAM, July 28, 1922.—The theory of the Act of Congress under which national banks may acquire fiduciary functions is that Congress may preserve the paramountcy of national banks by giving them such functions as are possessed by competing state banking corporations, but Congress may not regulate this character of business which is peculiarly within state administrative

control unless the regulations are "discriminatory or so unreasonable as to justify the conclusion that they necessarily would so operate." If the state regulations are not unreasonable, they are "controlling upon banks chartered by Congress when they came in virtue of authority conferred upon them by Congress to exert such particular powers. And these considerations clearly were in the legislative mind when it enacted the statute in question." See opinion of Chief Justice White in First National Bank of Bay City v. Union Trust Co., 244 U. S. 416.

The Federal Reserve Board is authorized to promulgate rules and regulations under which national banks shall exercise their fiduciary functions, "thus affording," as Chief Justice White said in the last cited case, "the means of co-ordinating the functions . . . with the reasonable and non-discriminating provisions of state law regulating their exercise as to state corporations—the whole to the end that harmony and the concordant exercise of the national and state power might result."

This case has been presented and argued as if our ruling arbitrarily closed the door to national banks. Nothing could be further from the truth. We would refuse to appoint as a fiduciary any individual or corporation, national bank or otherwise, (1) who asserted the right to mingle trust funds with their own and use them for their private profit; (2) who refused to disclose fully and freely their financial condition; or (3) whose trust assets, in case of insolvency, might be removed beyond our jurisdiction and control.

These regulations are unfortunate and could be cured by virtue of the authority of the Federal Reserve Board to make rules, were it not for the fact that they are imbedded in the Act of Congress.

There is no such profit in handling trust estates as would justify the haste of national banks to acquire and exercise these functions. They should procure amendments to the Act of Congress which would forbid the use of trust funds for private gain, which would assure every court of their authority to inquire fully as to the solvency of the bank, and which would require the retention of all ear-marked trust assets within the jurisdiction of their origin to be there accounted for by the representatives of insolvent banks.

The amendment of the Act of Congress in these three particulars could neither hinder nor harm national banks. They should not strive to break down these reasonable safeguards, but rather to uphold and protect them.

We also refer to In re National Bank of Germantown, 30 Dist. R. 603.

The exceptions are dismissed and the adjudication is confirmed absolutely.